**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONSUMER OPINION LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRANKFORT NEWS CORP, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-05100-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[RE: ECF 13] |

　　　Plaintiff Consumer Opinion LLC owns and operates the consumer review web site <pissedconsumer.com>. Defendants offer "reputation management" services for the removal of negative consumer reviews from web sites such as <pissedconsumer.com> and from and online search engines. Plaintiff claims that Defendants provide these services by means of a fraudulent scheme whereby Defendants: (1) create web sites purporting to be legitimate news sites; (2) copy to those fake news sites whatever negative reviews their clients wish removed from the web; (3) back-date the copied reviews to give the appearance that the reviews first appeared on the fake news sites; and (4) demand that Google take down the "later" posted reviews as infringing the fake news sites' copyrights.

　　　Plaintiff filed this action on September 2, 2016, asserting violations of the takedown procedures of the Digital Millennium Copyright Act, 17 U.S.C. § 512(f); violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; civil conspiracy; and abuse of process. Plaintiff filed the operative first amended complaint ("FAC") on October 20, 2016, along with an ex parte application for temporary restraining order ("TRO").[1] Plaintiffs claim that immediately after this action was filed, Defendants transferred three of the domain names used in the above-described scheme from Arizona-based registrars to a registrar in the Bahamas. In their ex parte

---

[1] Plaintiff also filed an ex parte motion to conduct early discovery, addressed in a separate order.

1  TRO application, Plaintiffs seek an order (1) compelling Defendants to return registration of those
2  three domain names to the original Arizona-based registrars and (2) enjoining Defendants from
3  transferring other domain names to registrars outside the United States.

4  The Court may issue a TRO without notice to the adverse party *only if* "(A) specific facts
5  in *an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or
6  damage will result to the movant before the adverse party can be heard in opposition; and (B) the
7  movant's attorney certifies in writing any efforts made to give notice and the reasons why it
8  should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiff has not submitted an
9  affidavit in support of its ex parte TRO application, and Plaintiff's operative FAC is not verified.

10  Because the federal rules generally do not require verification of the complaint, when
11  verification is required the district court looks to the law of the state in which it is located. *See*
12  *United States v. $84,740.00*, 900 F.2d 1402, 1404-05 (9th Cir. 1990) (discussing section 446(a) of
13  the California Code of Civil Procedure), *overruled on other grounds by United States v. 22 Santa*
14  *Barbara Dr.*, 264 F.3d 860, 867 (9th Cir. 2001); *Wangson Biotechnology Grp., Inc. v. Tan Tan*
15  *Trading Co.*, No. C 08-04212 SBA, 2008 WL 4239155, at *6 (N.D. Cal. Sept. 11, 2008) (denying
16  ex parte TRO application where no affidavit was submitted and complaint was not verified).
17  Under California Civil Procedure Code § 446(a), "[i]n all cases of a verification of a pleading, the
18  affidavit of the party shall state that the same is true of his own knowledge, except as to the
19  matters which are therein stated on his or her information or belief. . . ." Cal. Civ. Proc. Code §
20  446(a). "When a corporation is a party, the verification may be made by any officer thereof." *Id.*
21  Plaintiff's FAC does not contain the required averments by one of its officers or any other person
22  with authority to verify the pleading. *See* FAC, ECF 11.

23  Accordingly, Plaintiff's ex parte application for TRO is DENIED WITHOUT
24  PREJUDICE.

25
26  Dated: October 27, 2016
27  _____
    BETH LABSON FREEMAN
28  United States District Judge

2