UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONSUMER OPINION LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>FRANKFORT NEWS CORP, et al.,<br><br>     Defendants. | Case No.  16-cv-05100-BLF<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EARLY DISCOVERY**<br><br>[RE: ECF 12] |

Plaintiff Consumer Opinion LLC owns and operates the consumer review web site <pissedconsumer.com>. Defendants offer "reputation management" services for the removal of negative consumer reviews from web sites such as <pissedconsumer.com> and from online search engines. Plaintiff claims that Defendants provide these services by means of a fraudulent scheme whereby Defendants: (1) create web sites purporting to be legitimate news sites; (2) copy to those fake news sites whatever negative reviews their clients wish removed from the web; (3) back-date the copied reviews to give the appearance that the reviews first appeared on the fake news sites; and (4) demand that Google take down the "later" posted reviews as infringing the fake news sites' copyrights. *See* First Am'd Compl. ("FAC"), ECF 11.

Plaintiffs have filed an ex parte motion for early discovery.[1] That motion is GRANTED for the reasons discussed below.

---

[1] Plaintiff also filed an ex parte application for a temporary restraining order, addressed in a separate order issued on October 27, 2016. *See* Order Denying Without Prejudice Plaintiff's Ex Parte Application for Temporary Restraining Order, ECF 18.

## I. BACKGROUND

Plaintiff filed this action on September 2, 2016, and filed the operative FAC on October 20, 2016, asserting violations of the takedown procedures of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f); violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; civil conspiracy; and abuse of process.  Plaintiff has not yet served Defendants with process and in fact seeks discovery in order to identify Doe Defendants and Roe Corporation Defendants so that service may be effected.  Specifically, Plaintiff requests leave to serve subpoenas on GoDaddy.com, LLC, Wild West Domains, LLC, and Enom, Inc., the registrars or former registrars of domain names allegedly used in the above scheme; Domains By Proxy, LLC, the privacy service utilized by Defendants for the majority of the domain names at issue; Webair Internet Development, Inc., the hosting company for the web sites at issue; and Google, Inc., the recipient of Defendants' allegedly fraudulent DMCA takedown notices.  Plaintiff asserts that the requested subpoenas will help it determine the identities of the parties who own and operate the domain names and web sites involved in the scheme, and the parties who sent the allegedly fraudulent DMCA takedown notices.

## II. LEGAL STANDARD

In general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).  However, a party may seek a court order permitting early discovery upon a showing of "good cause." *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) ("Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for the early discovery.") (collecting cases).  "To determine whether there is 'good cause' to permit expedited discovery to identify doe defendants, courts commonly consider whether:  (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service

of process would be possible." *Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. 16-CV-01164-JSC, 2016 WL 4259116, at *2 (N.D. Cal. Aug. 12, 2016) (citations omitted). When the plaintiff does not know the identities of defendants, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

### III. DISCUSSION

Plaintiff has made a sufficient showing as to all four factors to establish good cause for early discovery. First, Plaintiff has identified the missing defendants with sufficient particularity to show that the defendants are real people or entities who could be sued in this Court. Plaintiff has described a scheme by which unknown persons have copied reviews from its web site, posted them on allegedly fake news sites, and sent DMCA takedown notices. FAC ¶¶ 1-9, ECF 11. Plaintiffs allege that at least some of the conduct giving rise to Plaintiff's claims occurred in California, as Google, Inc. was the recipient of the allegedly fraudulent DMCA takedown notices and Google, Inc. is located in California. *Id.* ¶ 12. Plaintiff seeks to sue those individuals who own or operate the domain names and web sites involved in this scheme. *See id.* ¶¶ 15, 24-35. Those domain names and web sites are specifically enumerated in the FAC. *Id.* Plaintiff thus has shown that if it could determine who owns and operates the enumerated domain names and web sites, it could so those persons or entities in this Court.

Second, Plaintiff has described adequately the steps it has taken to locate the missing defendants. The FAC and the motion for early discovery describe Plaintiff's efforts to determine the relationships between, and entities behind, the web sites and domain names used in the alleged scheme. *See* FAC ¶¶ 24-35, ECF 11; Pl.'s Mot. at 2-4, 6-8, ECF 12. Plaintiff's efforts have been unsuccessful because the web sites do not provide adequate contact information and most of the domains use a privacy service to obscure the identity of the registrant. *Id.* Where the registrant is not obscured, the listed registrant is "James John," which Plaintiff believes to be an alias. Pl.'s Mot. at 6, ECF 12. Plaintiffs have determined that since this lawsuit was filed, three of the domain names at issue have been transferred from Arizona-based registrars to a registrar in the

3

1  Bahamas, adding a layer of difficulty to determining the missing defendants' true identities.
2  Plaintiff's description of its efforts demonstrates Plaintiff's diligence in attempting to locate the
3  missing defendants and the necessity of the requested discovery to identify them.

4  Third, Plaintiffs have alleged facts sufficient to withstand a motion to dismiss. Under the
5  DMCA, "[a]ny person who knowingly materially misrepresents under this section – (1) that
6  material or activity is infringing . . . shall be liable for any damages, including costs and attorneys'
7  fees, incurred by the alleged infringer . . . as the result of the service provider relying upon such
8  misrepresentation in removing or disabling access to the material." 17 U.S.C. § 512(f). Plaintiff's
9  allegations regarding the alleged fraudulent scheme, and in particular allegations regarding the
10 fraudulent DMCA takedown notices sent to Google, Inc., would give rise to liability under this
11 statute. California's UCL "borrows violations of other laws and treats them as unlawful practices
12 that the unfair competition law makes independently actionable." *Chabner v. United of Omaha*
13 *Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks and citation omitted).
14 A plaintiff must allege that it "suffered injury in fact and has lost money or property as a result of
15 the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Plaintiff has alleged
16 that as a result of Defendants' conduct, Plaintiff has incurred the expense of responding to the
17 DMCA notices, diminution in value of its business, harm to its free speech rights, and the expense
18 of retaining an attorney. FAC ¶¶ 97-98, 103-04. Plaintiff's allegations thus are sufficient to state
19 a claim under the UCL.

20 Fourth and finally, Plaintiff has shown that the requested discovery is reasonably likely to
21 identify the missing defendants such that service of process would be possible. Plaintiff points out
22 that the third-party recipients of the proposed subpoenas likely know the true identities and
23 locations of the missing defendants, because those defendants would have been required to
24 provide that information in order to register their domain names. The Court is persuaded that even
25 if the missing defendants did not provide the third parties with their true identities, whatever
26 information those defendants did provide is reasonably likely to assist Plaintiff in identifying and
27 serving.

28 The Court therefore concludes that Plaintiff has shown good cause for early discovery.

4

1 Granting Plaintiff's motion appears to be the only way to advance this litigation, and the Court
2 does not perceive any prejudice to Defendants, as Plaintiff's request is narrowly tailored to seek
3 only Defendants' identities.

**IV.  ORDER**

Plaintiff's motion for early discovery is GRANTED.  Plaintiff may serve subpoenas on GoDaddy.com, LLC, Wild West Domains, LLC, Enom, Inc., Domains By Proxy, LLC, Webair Internet Development, Inc., and Google, Inc. for the limited purpose of identifying the Doe Defendants and Roe Corporation Defendants in this case.  This order is without prejudice to the rights of the third parties to move to quash the subpoenas or to respond to the subpoenas in any other manner permitted by law.

Dated:  October 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5