**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONSUMER OPINION LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANKFORT NEWS CORP, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-05100-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT WITH DEFENDANT PROFIT MARKETING, INC.**<br><br>[Re: ECF 32] |

Plaintiff Consumer Opinion, LLC ("Consumer Opinion") moves to enforce a settlement agreement that it claims to have entered into with Defendant Profit Marketing, Inc. ("PMI"). The motion is DENIED. Although the parties were in the process of negotiating a settlement agreement, no agreement had been reached at the time Consumer Opinion filed its motion.

**I.　BACKGROUND**

Consumer Opinion, which owns and operates the consumer review website <pissedconsumer.com>, alleges that Defendants operate "reputation management" companies that may be hired to remove unflattering content from Internet websites and search engines. According to Consumer Opinion, Defendants provide these "reputation management" services by means of a fraudulent scheme whereby Defendants: (1) create websites purporting to be legitimate news sites; (2) copy to those fake news sites whatever content their clients wish removed from the Internet; (3) back-date the copied content to give the appearance that the content first appeared on the fake news sites; and (4) demand that Google take down the "later" posted content as infringing the fake news sites' copyrights.

Consumer Opinion filed this action on September 2, 2016, and it filed the operative first amended complaint on October 20, 2016, asserting claims for: (1) violations of the takedown procedures of the Digital Millennium Copyright Act, 17 U.S.C. § 512(f); (2) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (3) civil conspiracy; and

(4) abuse of process. *See* Compl., ECF 1; FAC, ECF 11. Consumer Opinion recently filed a stipulation and proposed order granting it leave to file a second amended complaint adding parties and claims, *see* Stip. and Proposed Order, ECF 44, which is addressed in a separate order.

In November and December 2016, counsel for Plaintiff Consumer Opinion and Defendant PMI discussed settlement of the case. According to Consumer Opinion's attorney, Marc Randazza, he and PMI's attorney, Chris Ingle, agreed that Consumer Opinion would dismiss its claims against PMI in exchange for a payment of $50,000 from PMI and its customers. Randazza Decl. ¶¶ 3-5, ECF 32-1. Randazza states, however, that despite agreeing to these terms, PMI refused to sign the written settlement agreement drafted by Randazza and Ingle. *Id.* ¶¶ 8-12. Randazza later resumed negotiations with another of PMI's attorneys, Ian Scarlett, in January 2017. *Id.* ¶ 15. Randazza asserts that Scarlett agreed that PMI would pay $35,000 in exchange for Consumer Opinion's dismissal of its claims against PMI. *Id.* ¶ 16. However, PMI once again refused to follow through by signing a written settlement agreement. *Id.* 17.

Consumer Opinion seeks to enforce the second purported agreement for payment of $35,000 in exchange for dismissal of its claims against PMI, and it also seeks an award of costs and attorneys' fees incurred in bringing the motion to enforce. PMI contends that Consumer Opinion's motion is meritless because the parties never finalized a settlement agreement. The Court has considered the motion (ECF 32) and the opposition (ECF 40). No reply was filed. The Court submitted the motion for disposition without oral argument. *See* Order Submitting Motion, ECF 43.

**II.     LEGAL STANDARD**

"A district court has the inherent power summarily to enforce a settlement agreement with respect to an action pending before it." *Page v. Horel*, No. C-09-0289 EMC PR, 2011 WL 5117562, at *4 (N.D. Cal. Oct. 28, 2011). "A settlement agreement in a pending action may be enforced if two requirements are met: (1) both parties must have agreed to the terms of the settlement or authorized their respective counsel to settle the dispute, and (2) it must be a complete agreement." *Id.* In evaluating whether a settlement agreement was reached and the terms of that agreement, the Court applies "principles of local law which apply to interpretation of contracts

generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under California law, the party seeking to enforce a settlement agreement must establish "each contractual element – parties who are capable of entering into contract, their mutual consent, a lawful object, and sufficient cause or consideration." *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1585-86 (2005). California's Uniform Electronic Transactions Act provides that parties may agree to conduct a transaction by electronic means, and that "[w]hether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct." Cal. Civ. Code § 1633.5.[1]

### III. DISCUSSION

Applying these principles, the Court has no difficulty concluding that Consumer Opinion has failed to establish that PMI agreed to settle this action for a payment of $35,000. Consumer Opinion asserts that PMI twice agreed to settle the action, once in December 2016 for $50,000 and once in January 2017 for $35,000. With respect to the first purported agreement, Consumer Opinion asserts that PMI's attorney, Ingle, agreed to settle the case for $50,000 via a December 2016 text exchange. *See* Randazza Decl. ¶ 6 However, Ingle's last text in that chain stated: "Well *I can't agree without my clients consent* but that sounds fine to me. I'll get their approval when I talk to them today." Randazza Decl. ¶ 6 & Exh. 2, ECF 32-1 (emphasis added). Ingle's communication does not evidence agreement to settle the action on the terms proposed by Randazza but, to the contrary, states that he lacks authority to agree without PMI's express consent.

With respect to the second purported agreement – the one that is the subject of the present motion – Consumer Opinion asserts that PMI's attorney, Scarlett, agreed to settle the case for $35,000 via a January 2017 email exchange. *See* Randazza Decl. ¶¶ 16-17. However, Consumer Opinion does not provide a copy of those emails. PMI does provide the emails, which show that on January 24, 2017, Scarlett indicated that PMI would like to pursue settlement and inquired

---

[1] Because California law governs, Consumer Opinion's citations to Tenth Circuit and Ohio state court decisions are unhelpful. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167 (10th Cir. 2013); *Lucas Contracting, Inc. v. Altisource Portfolio Sols., Inc.*, No. 2015-CA-00102, 2016 WL 529408 (Ohio Ct. App. Feb. 9, 2016).

3

about the proposed terms for such settlement. Morton Decl. Exh. 10, ECF 40-12. Randazza responded by sending Scarlett a draft settlement agreement on January 26, 2017, providing that PMI would pay $35,000 in exchange for dismissal of Consumer Opinion's claims. *Id.* Randazza followed up with an email dated January 30, 2017, inquiring whether Scarlett was ready "to get this matter put to bed?" Morton Decl. Exh. 11, ECF 40-13. There is no indication that Scarlett responded. On January 31, 2017, Randazza sent Scarlett another email stating that "it appears that it is time for us to give up on getting anywhere with your client," and threatening to file a motion to enforce settlement if Scarlett did not respond by 5:00 p.m. that day "to get this back on track." Morton Decl. Exh. 12, ECF 40-14. Scarlett did not respond, and on February 1, 2017, Randazza sent a final email stating as follows: "I will interpret the silence as a challenge to us to do the maximum possible damage to PMI's business interests. Let's dance." Morton Decl. Exh. 40-15, ECF 40-15.

Nothing in this email exchange evidences PMI's agreement to the terms set forth in the draft settlement agreement sent by Randazza on January 26, 2017, or to any terms. To the contrary, it appears that after inquiring about Consumer Opinion's proposed terms for settlement, PMI failed to accept those terms or to offer any response at all. Consumer Opinion therefore has failed to establish the existence of a binding agreement between the parties.

**IV. ORDER**

Consumer Opinion's motion to enforce settlement is DENIED.

Dated: September 27, 2017

BETH LABSON FREEMAN
United States District Judge